## INDUSTRIAL COMMISSION v CRAMER

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 13, 1933

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Columbus, and J. H. Leighninger, Youngstown, for plaintiff in error.

Nicholson & Warnock, Youngstown, for defendant in error.

**OPINION**

By POLLOCK, J.

Sec 1465-61, GC, as it read at the time of this injury and death, defined employes:

"The term 'employe', 'workman' and 'operators', as used in this act, shall be construed to mean:

1. Every person in the service of the state, or of any county, city—"

and including in the first part of this section a policeman. The last clause of this section provides as follows:

"Providing that nothing in this act shall apply to police or firemen in cities where the injured policeman or fireman are eligible to participate in any policemens' firemens' pension funds, which are now or hereafter may be established and maintained by municipal authority under existing laws."

It is admitted that the city of Youngstown had at that time under the provisions of the statute a pension fund provided, and it is claimed by the Industrial Commission that at the time of the accident and death that Cramer was eligible to participate in the pension fund, and that is claimed under the provisions of the rules and regulations of the pension fund:

"A member of the police department who shall receive his appointment after the adoption of these by-laws, to-wit: Oct. 7, 1903, being over the age of 34 years when appointed, shall become disabled either mentally or physically, within fifteen years from the time of his appointment shall receive a pension not to exceed five dollars per month, provided that any member so appointed and being over the age of 34 years who shall have served 20 consecutive years of active service."

It is not denied but what Mr. Cramer had been appointed after the passage of this provision, the pension regulation, that he was over 34 years of age, that he had not served fifteen years, and that he was in the police department. At the time of his injury he was entitled or was eligible if the conditions occurred that gave him the right to participate in this fund, but it is urged on the part of the applicant that this section must be construed with §8 of this Act, or probably speaking more correctly, that the rights of this applicant are governed by §8 and not by §7. We need not read it all, but §8 provides:

"If any member of the police department shall, while in the discharge of his duties, be killed or shall die from the effects of an injury, or shall die from a disease contracted while a member of the department, or if any retired member who served twenty years before retiring, or if a retired member who has retired from disability sustained through accident while in the discharge of his duties, or shall die from any cause, and if such deceased member shall leave a widow, such widow while she remains unmarried shall receive a pension of forty dollars a month."

It is conceded that Cramer had not been on the police department for twenty years, and therefore his widow upon his death was not entitled to receive a pension. Our attention is called to an action prosecuted to this court in which this court held that she was not entitled to receive a pension, and that the provision of the statute should be read in the light of §8. In other words, it is only where the party or his widow receives the pension that would prevent the recovery allowed by the Code, and where death occurred it is only where the policeman had been in the service for twenty years, so that his dependent widow in this case could participate in the pension fund.

That requires a construction of the provision that we have read in §1465-61 GC in regard to when a policeman can not recover, uses this language, "shall apply to policemen in cities where the injured policemen are eligible to participate in any policemens' pension fund." Under the plain reasoning of this section, Cramer was entitled to participate in a pension fund. The provision in the section prevents him from being an employe entitled to participate. It may be claimed that he is not making application to participate himself, that it is his dependent, but as we read the provision of this statute the dependents can only recover in the case of death where the employe himself was entitled to recover.

Sec 1465-68 GC provides:

"Every employe mentioned in §1465-61, GC, who is injured, and the dependents of such as are killed in the course of employ-

ment, shall be paid such compensation out of the state insurance fund for loss sustained, etc."

. So that the dependent in this case, the wife, can only recover or be entitled to participate in this fund because her husband was entitled to participate, or was an employe entitled to participate at the time of his death.

We have considered this case the best we can. It is an unfortunate situation, but we are only to construe statutes and not to enact them, and we feel that to affirm this judgment would be stepping aside from the construction of the statutes and making new statutes. The judgment of the court below is reversed and final judgment entered in favor of the plaintiff in error. Exceptions.

Judgment reversed.

POLLOCK and ROBERTS, JJ, concur.